# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5918 | **DATE** | 9/7/2011 |
| **CASE TITLE** | Brenda Gaines Hunter vs. YMCA of Metropolitan Chicago Foundation | | |

**DOCKET ENTRY TEXT**

Since Plaintiff is proceeding *pro se*, the court has liberally construed her complaint. Even when liberally construing the allegations in the complaint, Plaintiff has failed to plausibly suggest a federal cause of action. Nor has Plaintiff shown that the court would have subject matter jurisdiction over any potential state law claims. Therefore, the instant action is dismissed. All pending motions are stricken as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Brenda Gaines Hunter's (Hunter) motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Pursuant to 28 U.S.C. § 1915, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. . . ." *Id.*

Hunter alleges in her complaint that she is a member at a YMCA and that she was sexually harassed by a female instructor in the women's locker room. Hunter also claims that she was trapped in the locker room on one occasion by YMCA employees and members and threatened with violence. Hunter contends that YMCA employees and members have conspired against her, treated her unfairly, and threatened her with violence. Hunter has not alleged facts that suggest that Defendant was a state actor or that any of Hunter's constitutional rights were violated. Hunter therefore cannot proceed under 42 U.S.C. § 1983. *See, e.g., Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011). Although Hunter alleges that she was sexually harassed, she does not allege facts that suggest that Defendant was her employer and thus Hunter cannot proceed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq. See, e.g., Schandelmeier-Bartels v.*

| STATEMENT |
|---|
| *Chicago Park Dist.*, 634 F.3d 372, 380 (7th Cir. 2011). Since Hunter is proceeding *pro se*, the court has liberally construed her complaint. Even when liberally construing the allegations in the complaint, Hunter has failed to plausibly suggest a federal cause of action. Nor has Hunter shown that the court would have subject matter jurisdiction over any potential state law claims. Therefore, the instant action is dismissed. All pending motions are stricken as moot. |